Arns, Exr., *v.* Disser.

(Decided February 9, 1931.)

*Mr. Charles H. Elston,* for plaintiff in error.

*Mr. Fyffe Chambers, Messrs. Cobb, Howard & Bailey* and *Mr. Henry L. Rockel,* for defendant in error.

Hamilton, J.   Louis Disser brought an action in the court of common pleas against Harry M. Arns, as executor of the last will and testament of Catherine Arns, deceased, on a claim for personal services which Disser claims to have rendered Catherine Arns in her lifetime.

The case was tried by a jury, resulting in a verdict and judgment for plaintiff in the sum of $4,-

968.50. From that judgment, Arns, executor, prosecutes this error proceeding.

The defense, in substance, was that Disser was a member of the family, and there was no express contract obligating Catherine Arns to pay for whatever services were rendered; a denial that any valuable services were rendered; and further, the claim was made that Disser had received from the bounties of Mrs. Arns more than the value of the services.

The controlling facts in the case are, in substance, that Disser had lived in the family for approximately 45 years; that he went to live with Catherine Arns and her husband when a young man, long prior to the death of Mrs. Arns' husband, which occurred in 1919; that he continued to live with Mrs. Arns until some months before her death, when a guardian was appointed for her. Immediately upon the appointment of a guardian for Mrs. Arns, Disser left, making no claim for services, and filed no claim for nearly a year and a half after her death.

During the lifetime of Mrs. Arns, and subsequent to the death of Mr. Arns, and perhaps for some time prior to the death of Mr. Arns, Disser had had the use of a blacksmith shop and the property on which it was located, belonging to the Arns family. After the death of Mr. Arns, Disser was permitted by Mrs. Arns to rent the premises and retain the rental therefor; and later she deeded the premises to Disser. Disser afterwards sold the premises for $2,500. Disser drew on checks large sums of money belonging to Mrs. Arns after the death of her husband, but whether he received any of these with-

drawals does not appear from the evidence. He states he did not.

The will executed by Catherine Arns July 3, 1923, leaves Disser $5,000 "in recognition of many years of devoted friendship and kind assistance."

On August 21, 1925, Catherine Arns executed her second will, and revoked the will of July 3, 1923. In this latter will she left nothing to Disser. These circumstances are mentioned as bearing on the statements attributed to Mrs. Catherine Arns, by which it is sought to show an express contract between Mrs. Arns and Disser, to pay Disser for personal services.

The services claimed to have been rendered by Disser consisted mainly in assisting with the household work, doing some cooking, and cleaning, and washing dishes. Most of the evidence of services concerns the washing of dishes. While there is some evidence that Disser rendered personal attention, the evidence discloses that at the time she was in need thereof nurses were supplied by her son.

The evidence under which it is sought to show a contract consists of declarations of Mrs. Arns, as testified to by witnesses called by Disser. One witness testified: "She said that he would have a home with her as long as she lived." Another witness stated: "I heard her say one time when I was there that she had her business shaped up for Mr. Disser, that he wouldn't suffer." Another stated: "I heard her say Pa left her in Disser's care and he would be well taken care of." Another witness said: "She never set any price, if that is what you are driving at; never set any price, she said Lou shall be taken care of. That she had made pro-

vision for Disser." Another witness testified that she had said that she "had provided for him if anything happened, that he was so good to her that she could never repay him for what he had done for her." Another stated: "Yes, she always said Disser was good to her and kind to her, she would always see he was well paid; she always said that." Another testified she stated: "I am certainly going to remember Lou handsomely; I am going to see he gets this house and going to reward him with $5,000." Another testified that she also stated that "she had made a will." Another stated: "She claimed he had done for her and she wanted him to have the homestead for life."

The law of Ohio governing cases where services are rendered by a member of the family is laid down in *Hinkle et al., Exrs.,* v. *Sage,* 67 Ohio St., 256, 65 N. E., 999. The first and second paragraphs of the syllabus are:

"In an action to recover compensation for services, when it appears that the plaintiff was a member of the family of the person for whom the services were rendered, no obligation to pay for the services will be implied; and the plaintiff cannot recover in such case unless it be established that there was an express contract upon the one side to perform the services for compensation, and upon the other side to accept the services and pay for them.

"Such contract may be in writing or it may rest entirely in parol, and it may be proved by direct or indirect evidence; but to entitle the plaintiff to recover, the contract must be established by clear and unequivocal proof."

The case of *Merrick* v. *Ditzler,* 91 Ohio St., 256, 110 N. E., 493, modifies the expression "clear and unequivocal proof" to "clear and convincing proof" required.

Giving the declarations here their full force and effect, they are but expressions of gratitude, and an intention to do something for Disser, all of which she did by deeding him the blacksmith shop property and providing the bequest for him in the first will she executed—though she later revoked this bequest—and in furnishing him a home with free board.

We are unable to find any expression or any conduct that would furnish clear and convincing proof of an express contract on the part of Disser to perform the services for compensation, or on the part of Mrs. Arns, when accepting the services, that she was to pay for them.

We are therefore of the opinion that the evidence does not bring the plaintiff Disser within any rule of law entitling him to recover in this action.

The judgment of the court of common pleas will be reversed, and final judgment will be entered here in favor of the plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

Ross, P. J., and CUSHING, J., concur.